**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AGNESS MCCURRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-02847 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter, purportedly brought by "Agness McCurry, through assistance from April-Lashelle Clark of CareAdvocates LLC," is before the Court on its initial review of the *pro se* initiating pleading, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP Application is denied, and this matter is dismissed without prejudice.

At the outset, the Court notes that there are myriad procedural defects with the instant submissions. For example, McCurry has not signed any of the submissions, in contravention of Federal Rule 11(a). Indeed, none of the submissions bear *any* handwritten signatures of any kind from anyone, thus further contravening that Rule. *See Becker v. Montgomery*, 532 U.S. 757, 763-64 (2001) (applying Rule 11 requirement of handwritten signature and declining "to permit typed names" on motions or pleadings). And a handwritten signature is doubly required under the IFP statute, which calls for an applicant's financial information to be submitted via sworn affidavit. *See* 28 U.S. Code § 1915(a)(1). Nor does the IFP Application even contain any of McCurry's financial information or her six-month statement, as required. *See* 28 U.S.C. § 1915(a)–(b).

Furthermore, the initiating submission, entitled "Notice of Judicial Review Request," is not an actual complaint, and therefore does not suffice for prosecuting a case in this court. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition[.]") (citing Fed. R. Civ. P. 3). And the Notice provides only a P.O. Box address, which violates D.C. Local Civil Rule 5.1(c)(1).

But there are yet greater problems here. Notably, there is no valid indication that McCurry has consented to or participated in the filing of this case on her behalf, and even if she had, a *pro se* litigant can only represent herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). Clark is not an attorney and there is no proof, beyond Clark's mere say-so, that she has the formal legal authority to file for McCurry, and there is also no evidence to suggest that McCurry cannot file on her own behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *King v. District of Columbia*, 878 F. Supp. 2d 8, 12 (D.D.C. 2012) (citation omitted). Clark proposes that McCurry cannot bring this matter herself because McCurry is incarcerated, but incarcerated plaintiffs frequently file lawsuits in this court.

For all of these reasons, the IFP Application, ECF No. 2, is denied and this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: November 2, 2026